rate results in the rare case does not warrant the importation of Part VII rules into proceedings in the Superior Court in the instance of disorderly persons charges, particularly with regard to an issue so tangential to the principal issues of such cases.

We do not refer to those instances where to resolve a potential conflict of interest, for purposes of judicial efficiency and economy or for the convenience of the litigants, a Superior Court judge sits as a local magistrate to dispose of a pending case. In that circumstance, the judge should recognize such differences as may exist between the Part VII Rules and those in Part III and apply the Part VII Rules governing the Municipal Courts.

For the reasons stated R.3:9–2 applied to this case and defendant failed to offer any reason sufficient to warrant the granting of his application for a "no civil use" order. Accordingly, we discern no basis to disturb the judge's order denying the same.

Affirmed.

---

837 A.2d 377

P.T., A.T. AND H.T., PLAINTIFFS–APPELLANTS, v. RICHARD HALL COMMUNITY MENTAL HEALTH CARE CENTER; AMY KAVANAUGH; MADELYN SMITH MILCHMAN; MADELYN SMITH MILCHMAN FIRM; MARGARET C. BLACKBURN; AND RESOURCE CENTER FOR WOMEN AND THEIR FAMILIES OF SOMERSET COUNTY, DEFENDANTS–RESPONDENTS, AND AMY KAVANAUGH, THIRD PARTY PLAINTIFF–RESPONDENT, v. M.T., NOW KNOWN AS M.S., THIRD PARTY DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued September 10, 2003—Decided November 25, 2003.

Before Judges KESTIN, CUFF and LARIO.

*Robert B. Gidding and Demosthenes Lorandos* of the Michigan and California bar, admitted pro hac vice, argued the cause for appellants (*Mr. Gidding and Mr. Lorandos*, attorneys; *Mr. Gidding*, on the brief).

*Scott D. Rodgers* argued the cause for respondents County of Somerset and Richard Hall Community Mental Health Center (*County Counsel of Somerset County*, attorney; *Mr. Rodgers*, on the brief).

*Richard D. Picini* argued the cause for respondent *Madelyn S. Milchman, Ph.D* (*Picillo, Caruso, O'Toole*, attorneys; *Steven A. Weiner*, on the brief).

*John G. Tinker, Jr.*, argued the cause for respondent *Amy Kavanaugh* (*Leary, Bride, Tinker & Moran*, attorneys; *Mr. Tinker and Christina E. Sirico*, on the brief).

*M.T.*, now known as *M.S.*, argued the cause pro se.

The opinion of the court was delivered by

CUFF, J.A.D.

In this appeal, we review two orders granting defendants' motions for summary judgment and dismissing plaintiffs' complaint which sought compensatory and punitive damages from a court-appointed psychologist and a treating psychologist. The claims arise from the opinions rendered by these professionals in a child custody dispute involving allegations of child sexual abuse. On appeal, plaintiffs urge that the court-appointed psychologist does not enjoy absolute or qualified immunity and that the psychologist, who treated the alleged child victim of sexual assault, owed a duty of care to the paternal grandparents and the noncustodial parent accused of sexual assault. In response to cross-motions for summary judgment, Judge Hoens held that the court-appointed psychologist charged with performing an evaluation and issuing a report and recommendations to the Family Part is entitled to absolute immunity. She also held that a psychologist,

who evaluates and treats a minor child suspected to be the victim of sexual abuse, owes no duty of care to the grandparents of the non-custodial parent and to the non-custodial parent, who is accused of sexual abuse. She held in the alternative that the record disclosed no evidence that any act or opinion of the psychologist proximately caused any of the claimed injuries. Furthermore, Judge Hoens concluded that the psychologist was protected by the litigation privilege and the statutory DYFS reporting immunity.

We affirm the May 2, 2000 and June 3, 2002 orders granting defendants' motions for summary judgment substantially for the reasons expressed by Judge Hoens in her opinions filed this date, 364 *N.J.Super.* 546, 837 *A.*2d 427, 2000 WL 34226439 (Law Div. 2000), and 364 *N.J.Super.* 561, 837 *A.*2d 436, 2002 WL 32332907 (Law Div.2002).[1]

Affirmed.

---

[1] We invited Judge Hoens to format for publication her previously issued opinions.