NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1630-15T4

A.L.,

 Plaintiff-Appellant,

v.

SHARON RYAN MONTGOMERY, PSY.D.,

 Defendant-Respondent.
________________________________

 Argued telephonically November 1, 2017 –
 Decided November 17, 2017

 Before Judges Simonelli and Haas.

 On appeal from Superior Court of New Jersey,
 Law Division, Bergen County, Docket No. L-
 3195-15.

 Adrian E. Bermudez argued the cause for
 appellant (Mr. Bermudez, attorney; A.L., on
 the pro se brief).

 Christina M. Scarpa argued the cause for
 respondent (Giblin, Combs, Schwartz &
 Cunningham, LLC, attorneys; Ms. Scarpa, on the
 brief).

PER CURIAM

 This is the fifth time plaintiff A.L. has been before this

court in connection with his long-running dispute with his former
spouse over parenting time with their three children, only one of

whom is still under the age of eighteen. In this case, plaintiff

filed a complaint in the Law Division seeking damages against

defendant, a court-appointed psychologist in the Family Part post-

judgment proceedings, because he was unhappy with a report the

psychologist prepared at the request of the judge in that

proceeding.

 In this appeal, plaintiff challenges the Law Division's

November 5, 2015 order granting defendant's motion for summary

judgment and dismissing plaintiff's complaint after the court

found that defendant was protected by judicial immunity under P.T.

v. Richard Hall Community Mental Health Center, 364 N.J. Super.

546 (Law Div. 2000), aff’d o.b., 364 N.J. Super. 460 (App. Div.

2003), certif. denied, 180 N.J. 150 (2004).1 We affirm.

 The parties are fully familiar with the facts and lengthy

procedural history of this litigation and, therefore, only a brief

summary as set forth in our earlier opinions is necessary here.

Plaintiff and K.L. married in 1993, and divorced in 2004. K.L.

v. A.L., (K.L. I), Nos. A-5645-09 and A-3401-10 (App. Div. Apr.

1
 Plaintiff also appeals from the Law Division's October 15, 2015
order, denying his request to file a reply to one of defendant's
submissions on the summary judgment motion. We conclude that
plaintiff's contentions regarding this order are without
sufficient merit to warrant discussion in a written opinion. R.
2:11-3(e)(1)(E).

 2 A-1630-15T4
16, 2012) (slip op. at 2-3), certif. denied, 212 N.J. 1999 (2012).

They have three children, born in 1995, 1997, and 2000. Id. at

3. At the time of the divorce, K.L. and plaintiff agreed to share

joint legal and physical custody of the children, with each parent

spending equal parenting time with them. Ibid.

 K.L. remarried in 2007. Id. at 4. Around that time, the

shared parenting time arrangement began to disintegrate. Ibid.

Plaintiff asserted that K.L. and her husband were "engag[ing] in

a campaign to alienate the children from him." Ibid. K.L.

disputed plaintiff's line of attack, and alleged that after

plaintiff lost his job and she remarried, plaintiff "focused his

frustration on the children and 'instituted an overly harsh,

disciplinarian parenting style that the children were unfamiliar

with.'" Ibid.

 Several Family Part judges addressed the multiple post-

judgment motions the parties thereafter filed. K.L. v. A.L.,

(K.L. III), Nos. A-2952-12 and A-1623-13 (App. Div. Nov. 10, 2014)

(slip op. at 5), certif. denied, 221 N.J. 220 (2015).2 With the

consent of plaintiff and K.L., the judge handling the post-judgment

motions then being considered appointed defendant "on June 4,

2
 Following the example set in our prior opinions, because we have
no reason to distinguish among the Family Part judges involved,
we do not.

 3 A-1630-15T4
2008, to conduct a 'best interest evaluation regarding parenting

time and custody.'" K.L. I, supra, (slip op. at 4). After

interviewing family members and other collateral sources,

administering psychological tests, and reviewing court documents

and correspondence between family members, defendant submitted a

ninety-eight page report to the judge on June 20, 2009. Id. at

5-6. Among other things, defendant recommended that plaintiff and

K.L. continue to share joint legal and physical custody of the

children, continue psychotherapy with their children, and continue

to work with a parenting coordinator.3 Id. at 6.

 When the disputes between plaintiff and K.L. also continued,

and in the face of additional post-judgment motions, the parties

consented to have the judge again appoint defendant to "evaluate

and make recommendations regarding [A.L.'s] recent allegations of

parental alienation, as well as the [parents'] acknowledgment that

the psychiatrist appointed [by the judge in an earlier order was]

no longer involved with the family." Id. at 9. The judge's

October 18, 2011 order appointing defendant instructed her to

3
 After we issued our decision in Milne v. Goldenberg, 428 N.J.
Super. 184, 205 (App. Div. 2012), in which we concluded that
parenting coordinators should only be appointed if both parties
consent, the judge in this case determined it was no longer
appropriate to require the parties to use a parenting coordinator
because plaintiff declined to consent. K.L. v. A.L., (K.L. II),
No. A-1582-11 (App. Div. Apr. 8, 2013) (slip op. at 2-4).

 4 A-1630-15T4
"review the present assertions of [plaintiff] since her [first]

report was issued and to make any further recommendations she

deems appropriate[.]" The order also directed plaintiff and K.L.

to cooperate with defendant during her evaluation. See K.L. III,

supra, (slip op. at 14).

 During that period, plaintiff and K.L. were battling over

plaintiff's holiday parenting time and, in light of their ongoing

allegations against each other, the judge decided to conduct a

plenary hearing after defendant provided her report. Id. at 15-

16. Defendant completed her sixty-three page written report on

July 8, 2012 and submitted it to the court. Id. at 17. Once

again, defendant based her recommendations on her "interviews of

family members and the professionals involved with the family[,]"

together with a review of pertinent documents. Id. at 25.

 In her report,

 [defendant] found that both parents failed to
 appreciate the impact that the litigation and
 their inability to accept any responsibility
 for their own contributions to the problem had
 on their children. With [K.L.], it was not
 so much what she did but what she did not do,
 and with [plaintiff], it was his pursuit of
 equal parenting time that led him to lose
 sight of the children and what his effort to
 achieve equal time was doing to them.

 . . . .

 [Defendant's] recommendations included
 referral to a therapist for "therapeutic

 5 A-1630-15T4
 mediation" to address [plaintiff's]
 relationship with [the parents'] first child
 and develop a parenting plan that the child
 could realistically follow; referral of family
 members to an "experienced therapist in high-
 conflict divorces and in child alignments;"
 and possible restructuring of the parenting
 plan "to provide greater consistency and
 few[er] transitions" given the ages of the
 children. With regard to sanctions for non-
 compliance, [defendant] suggested a "make-up
 time policy."

 [Id. at 26-28 (seventh alteration in
 original).]

 The judge conducted the plenary hearing in July and September

2012. Id. at 17. Although plaintiff retained his own expert, who

prepared a written report that was admitted in evidence, he did

not call the expert as a witness at the hearing. Id. at 17, 45-

46. Plaintiff's attorney also moved defendant's 2009 evaluation

report into evidence. Id. at 22.

 The judge provided the parents' attorneys with a copy of

defendant's July 2012 report under a protective order. Id. at 17.

Neither party called defendant as an expert witness at the hearing.

"At the hearing, the judge recognized that the expert reports were

hearsay, admissible subject to cross-examination pursuant to Rule

5:3-3(g). Ibid. He indicated that the reports would be admitted

into evidence as part of the court's record but not considered for

the truth." Id. at 17 n.6.

 6 A-1630-15T4
 At the conclusion of the hearing, the judge entered a series

of orders, including one establishing therapeutic parenting time

between plaintiff and the parents' first child. Id. at 33. In

February 2013, the judge issued several additional orders based

on the parties' persistent litigation. Id. at 36.4

 With this history in mind, we now turn to the matter that

forms the basis for the present appeal. On October 22, 2014,

plaintiff filed a complaint against defendant in the Law Division,

which he later amended on November 13, 2014. In his eight-count

amended complaint, plaintiff accused defendant of negligence

(count one); gross negligence (count two); breach of contract

(count three); unjust enrichment (count four); and fraud/fraud in

performance (count five), in performing her duties as a court-

appointed psychologist. Plaintiff also asserted that defendant

violated his right to due process (count six), and the New Jersey

Civil Rights Act, N.J.S.A. 10:6-2(c) (count seven). Alleging that

defendant's "conduct . . . was malicious, willful[,] and wanton[,]"

4
 In January 2015, K.L.'s husband filed a petition to adopt K.L.'s
and plaintiff's first child, who was then nineteen years old. In
re Adoption of an Adult by A.S.C., No. A-5447-14 (Mar. 30, 2016)
(slip op. at 2). The child consented to the adoption. Ibid.
After the Family Part judge entered a final judgment of adoption,
plaintiff filed a motion to intervene in the litigation, which the
judge denied. Id. at 2-5. We affirmed, id. at 13-14, and the
Supreme Court denied certification. In re Adoption of an Adult
by A.S.C., 227 N.J. 246 (2016).

 7 A-1630-15T4
plaintiff sought punitive and exemplary damages (count eight).

Defendant filed an answer and denied plaintiff's allegations.

 Defendant thereafter filed a motion for summary judgment,

asserting, among other things, that she was entitled to judicial

immunity because she prepared her report and recommendations at

the request of the Family Part judge. Following oral argument,

Judge Estela De La Cruz rendered a comprehensive written opinion

on November 5, 2015, granting defendant's motion and dismissing

plaintiff's complaint.5

 In finding that defendant was cloaked with judicial immunity

for the work she performed as a court-appointed psychologist for

the Family Part, Judge De La Cruz relied upon then-Judge Helen

Hoens' exhaustive opinion on the subject in P.T., supra, 364 N.J.

Super. at 546, a case with facts that are closely analogous to

those presented here. In P.T., the Family Part appointed a

psychologist "to conduct an evaluation and render a report to the

[c]ourt with recommendations as to [the plaintiff's] further

contact and visitation with his daughter." Id. at 548. The

psychologist "conducted her evaluation and prepared and filed with

the court her formal report and recommendations." Ibid.

5
 In her November 5, 2015 order, the judge also denied plaintiff's
motion to amend his pleadings.

 8 A-1630-15T4
 At some point thereafter, the plaintiff sued the psychologist

in the Law Division alleging, as plaintiff does in this case, that

the court-appointed psychologist failed to consider and apply

certain research, delayed her report, allowed her personal

feelings to influence her recommendations, and fraudulently held

herself out as an expert. Id. at 548-49. The plaintiff also

asserted that the psychologist violated his constitutional rights.

Id. at 549.

 In concluding that the psychologist was protected by judicial

immunity, Judge Hoens found that the court-appointed expert

 was charged with conducting an evaluation,
 with preparing a report of her findings and
 with making a recommendation to the court for
 its consideration and review. She did so. In
 that context, she was not charged with
 privately representing a party, in the sense
 that a public defender assigned to represent
 a litigant is charged with representation as
 his or her principal role. Nor is there any
 evidence or any suggestion that she did
 perform such a role. On the contrary, the
 evidence is that her role, like that of the
 law guardian, was one which called upon her
 to look beyond the concerns of the adult
 parties and to look to the best interests of
 the child. . . . Her role was to assist the
 Family Part with her evaluation and her
 recommendations, without regard to the
 interests of the adults, much like the
 function performed by the law guardian. That
 being the case, . . . [the psychologist]
 enjoys absolute immunity from litigation in
 connection with her duties and her role in
 this underlying litigation.

 9 A-1630-15T4
 [Id. at 555-56 (citation omitted).]

 Under these circumstances, Judge Hoens observed "that to deny

the protection of this court-appointed expert would be to exert a

chilling effect on the court itself in the performance of its

functions." Id. at 558-59. Thus, Judge Hoens concluded:

 The role played by the psychologist in this
 setting is one which that individual must be
 free to perform without fear of reprisal by
 parties to the proceedings who are, in the
 end, disappointed with the result or with the
 recommendations provided to the court.
 Moreover, it is essential to the proper
 functioning of the proceeding in which such
 an expert is appointed that the court be able
 to rely on the findings and the
 recommendations, a result which will not be
 served if the experts are unwilling to serve
 at all or are reluctant to perform their
 assigned task with complete candor. These
 concerns transcend the particular litigation
 and the interests of the specific parties, for
 the role assigned to the expert in this
 context is integral to the judicial process.

 [Id. at 559.]

 Applying these principles to the present case, Judge De La

Cruz found that, like the court-appointed psychologist in P.T.,

defendant was selected by the Family Part to provide her candid

evaluation and assessment of the issues facing plaintiff, K.L, and

their children, so that the judge in that proceeding could make

an informed decision concerning the measures that would further

the best interests of those children. Thus, as in P.T., defendant

 10 A-1630-15T4
was appointed to serve the children by providing a candid report

to the judge, and owed no duty to either plaintiff or K.L.

 Judge De La Cruz noted that "[p]laintiff's core argument

boils down to nothing more than a preference that [defendant]

should have reached a different conclusion, than the one rendered

in her report." Under these circumstances, the judge concluded

that defendant, "based on her role as a [c]ourt-appointed

psychologist, is afforded [j]udicial [i]mmunity, and any claims

against her based on her role in conducting an evaluation and

rendering a written report are to be dismissed. . . ." 6 This

appeal followed.

 On appeal, plaintiff presents the following contentions:

 POINT I

 THE TRIAL COURT ERRED IN FAILING TO APPLY
 CONTROLLING LEGAL PRINCIPLES WHICH PRECLUDE
 SUMMARY JUDGMENT WHEN THE MOVANT REFUSES TO
 COMPLY WITH DISCOVERY OR R. 4:46-2 AND A
 DISPUTE OVER GENUINE ISSUES OF MATERIAL FACTS
 EXISTS.

 POINT II

 THE TRIAL COURT FAILED TO PROPERLY CONSIDER
 AFFIDAVITS OF TWO NATIONALLY NOTED EXPERTS

6
 Judge De La Cruz discerned "no conduct on [defendant's] part[]
that [rose] to the level of gross negligence." The judge also
found that plaintiff failed to provide any evidence concerning his
other claims. As the judge observed, defendant "simply conducted
an investigation, made findings, and submitted a report to the
Family" Part judge, who was "not legally bound by the findings or
assertions of" the court-appointed psychologist.

 11 A-1630-15T4
 SUPPORTING THAT DEFENDANT'S WILLFUL
 MISCONDUCT AND OBSTRUCTION OF COURT FUNCTION
 IN VIOLATION OF LAW VOIDS IMMUNITY UNDER
 STATUTES, PRECLUDING SUMMARY JUDGMENT.

 POINT III

 THE TRIAL COURT FAILED TO NOTE DEFENDANT'S
 CLAIM TO CONDUCT A CUSTODY EVALUATION WHEN NO
 CUSTODY ISSUE WAS BEFORE THE COURT,
 ESTABLISHED A PATTERN OF
 FRAUD/MISREPRESENTATION AND THE CLEAR DISPUTE
 OF GENUINE ISSUES OF FACT, PRECLUDING SUMMARY
 JUDGMENT.

 POINT IV

 THE TRIAL COURT FAILED TO NOTE THAT AN
 EXPERT'S STATEMENT THAT DEFENDANT
 SUPPRESSED/ALTERED EVIDENCE OF HARM TO
 CHILDREN TO A TRIER OF FACT ESTABLISHED ISSUES
 OF CREDIBILITY AND THE CLEAR DISPUTE OF
 GENUINE ISSUES OF FACT, PRECLUDING SUMMARY
 JUDGMENT.

 POINT V

 A MULTITUDE OF ERRORS SUCH AS CONFLATING THE
 LEGAL STANDARDS FOR DISMISSAL AND SUMMARY
 JUDGMENT, CONTRADICTORY FINDINGS ON AMENDED
 PLEADINGS AND [MISSTATING] RELIEF SOUGHT,
 COMPEL REVERSAL OF THE ORDERS DATED OCTOBER
 15, 2015 AND NOVEMBER 5, 2015.

 Our review of a ruling on summary judgment is de novo,

applying the same legal standard as the trial court. Nicholas v.

Mynster, 213 N.J. 463, 477-78 (2013). Summary judgment is

appropriate where "the pleadings, depositions, answers to

interrogatories and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any

 12 A-1630-15T4
material fact challenged and that the moving party is entitled to

a judgment or order as a matter of law." R. 4:46-2(c).

 We have considered plaintiff's contentions in light of the

record and applicable legal principles and conclude they are

without sufficient merit to warrant discussion in a written

opinion. R. 2:11-3(e)(1)(E). Because defendant was a court-

appointed psychologist, charged by the Family Part with assisting

it in determining the best interests of the children, she owed no

duty to plaintiff and was obviously cloaked with judicial immunity

against the type of vexatious litigation plaintiff filed against

her in this case. P.T., supra, 364 N.J. Super. at 560. We are

satisfied that Judge De La Cruz properly granted summary judgment

to defendant, and affirm substantially for the reasons expressed

in her thoughtful and thorough written opinion.

 Affirmed.

 13 A-1630-15T4