**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0281-17T1

JOHN DEVLIN,

     Plaintiff-Appellant,

v.

SALLY GORSKI (Individually
and in her capacity as a LCSW),
and FAMILY EMPOWERMENT
ASSOCIATES, LLC,

     Defendants-Respondents.

_____

Submitted October 22, 2018 – Decided October 29, 2018

Before Judges Fasciale and Rose.

On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-2243-15.

Law Offices of Riley and Riley, attorneys for appellant (Tracy L. Riley and Rachel M. Conte, on the briefs).

Marshall, Dennehey, Warner, Coleman & Goggin, attorneys for respondent Sally Gorski, LCSW (Walter F. Kawalec, III, on the brief).

Bonner, Kiernan, Trebach, & Crociata, LLP, attorneys for respondent Family Empowerment Associates, LLC (Suzanne M. Utke, on the brief).

PER CURIAM

Plaintiff appeals from two June 9, 2017 orders granting summary judgment to Sally Gorski and Family Empowerment Associates (Family Empowerment) (collectively defendants), and an August 4, 2017 order denying plaintiff's motion for reconsideration. We affirm.

Plaintiff filed suit against defendants[1] alleging negligence for breaching the duty of confidentiality and duty of candor, intentional infliction of emotional distress, malpractice, and fraud/legal misrepresentation stemming from plaintiff's single meeting with Gorski. Gorski, a licensed clinical social worker (LCSW), treated plaintiff's two children during plaintiff and his ex-wife's divorce. On October 7, 2010, plaintiff met with Gorski, without the children, but accompanied by his sister.

Three years later, on October 5, 2013, Gorski wrote to the family court, in connection with the divorce, stating that she met with plaintiff, and he

---

[1] Testimony presented before the judge demonstrated that Gorski was not employed by Family Empowerment, but instead was a solo practitioner who co-leased office space with others, including Family Empowerment, and shared the administrative expenses.

"presented as very anxious and upset about the end of his marriage and spoke mostly about his soon to be ex-wife."  When Gorski "redirected the session towards [her] concerns about the children[, plaintiff] became argumentative with [her]."  Gorski received authorization from the children's mother – plaintiff's ex-wife – to write the court because one of the children reported abuse by plaintiff.  Subsequently, the Division of Child Protection and Permanency (DCPP) was contacted.  On March 16, 2014, Gorski wrote plaintiff's ex-wife about her recommendations for the children's visitation with plaintiff, and forwarded a copy to plaintiff.

Plaintiff's complaint against defendants relates specifically to the October 5, 2013 and March 16, 2014 letters (the letters).  On appeal, plaintiff alleges that the judge erred by finding that plaintiff was not Gorski's client/patient; applying the litigation privilege; and prematurely granting summary judgment.

When reviewing an order granting summary judgment, we apply "the same standard governing the trial court . . . ."  Oyola v. Xing Lan Liu, 431 N.J. Super. 493, 497 (App. Div. 2013).  We owe no special deference to the motion judge's conclusions on issues of law.  Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).  We therefore look at the facts in the light

most favorable to plaintiff.  Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995).

Plaintiff maintains that he approached Gorski for counseling, forming a therapist-patient relationship that bound Gorski to the duty of confidentiality, which she breached by writing and distributing the letters.  He asserts that the judge made an inappropriate finding of fact that plaintiff was not Gorski's client/patient, evidenced in the judge's memorandum of decision wherein the sentence, "[l]astly, the [c]ourt does not find that a rational jury could find that [p]laintiff was himself a patient of Gorski['s] from the facts presented," is crossed out.  Plaintiff fails to elaborate.  Although plaintiff asserts that this redacted sentence was an inappropriate finding of fact, the sentences that follow, which were not crossed out, specifically state, "[t]he [c]ourt also finds that [d]efendant Gorski's clients were [plaintiff's] children and [plaintiff's ex-wife]. Plaintiff was not a client . . . ."  The redacted sentence has no bearing on the judge's final ruling, especially because he reiterates his findings in the following sentences.  The judge did not make an inappropriate finding.

We disagree with plaintiff's contention that Gorski's recommendation for family counseling in her March 16, 2014 letter establishes that plaintiff was Gorski's client/patient.  The letter recommended a future of family counseling,

and did not state that plaintiff's meeting with Gorski constituted family counseling. Neither the children nor plaintiff's ex-wife was present at his meeting with Gorski, and an October 11, 2012 letter from Gorski to plaintiff, which referenced the 2010 meeting, stated, "I am hoping to include you in your children's . . . therapy."

Before plaintiff's meeting with Gorski, in September 2010, Gorski wrote to plaintiff's ex-wife providing an overview of the children's counseling up to that date, and explaining that she attempted to contact plaintiff and was "hopeful that [plaintiff would] agree to come to [her] office in the near future." She also "strongly encourage[d] all efforts to engage him." Plaintiff did not seek Gorski's counseling for himself, but instead Gorski contacted him in an effort to benefit his children's counseling. At plaintiff's deposition, he stated that he met with Gorski for his ex-wife and for the sake of his children.

We are unconvinced by plaintiff's assertion that he was Gorski's client/patient because his insurance was billed, and he paid a co-pay for a counseling session. As defendants assert in their merits briefs, plaintiff provided insurance coverage for his children, and Gorski required payment for her services. His payment for services rendered does not classify him as a client/patient.

5

Plaintiff failed to provide the judge, and now us, with any basis to determine that he was Gorski's client/patient. The judge properly considered all of the evidence and concluded that plaintiff was not Gorski's client/patient.

Plaintiff next asserts that the judge improperly applied the litigation privilege to shield Gorski from liability with regard to the letters. The litigation privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." Hawkins v. Harris, 141 N.J. 207, 216 (1995). The litigation privilege immunizes any participant to a judicial proceeding from civil liability for any statements made in the course of the proceeding. Loigman v. Twp. Comm., 185 N.J. 566, 579-80 (2006). The purpose of the privilege is "to ensure that participants in the judicial process act without fear of the threat of ruinous civil litigation when performing their respective functions." Id. at 581; accord Hawkins, 141 N.J. at 214.

Plaintiff argues that had the judge viewed the dispute about whether plaintiff was Gorski's client/patient in a light most favorable to plaintiff, then the judge would have found that plaintiff was Gorski's client/patient and that the therapist-patient privilege applied. He further asserts that the judge failed to

apply the analysis set forth in <u>Runyon v. Smith</u>, 163 N.J. 439 (2000), which is employed when there are conflicting privileges – here the litigation privilege and the therapist-patient privilege.

The judge did not complete the analysis under <u>Runyon</u> because he found that plaintiff was not Gorski's client/patient, which eliminated any reliance on the therapist-patient privilege. We agree that the therapist-patient privilege is inapplicable. Without conflicting privileges, there was no need for an analysis under <u>Runyon</u>, and the judge properly only considered the litigation privilege.

The judge found the litigation privilege applicable to the letters due to the ongoing family litigation between plaintiff and his ex-wife. The judge explained that the October 5, 2013 letter "clearly addressed a matter under a judicial proceeding while Gorski was also clearly a party knowledgeable to testify in that matter had she been called to do so, and submission of the letter to that [c]ourt by [p]laintiff's ex-wife was by a party to that proceeding." He further explained that "once the privilege covers the October 5, 2013 letter, the [c]ourt finds that it extends to the March 16, 2014 letter. . . . Additionally, the record shows that [plaintiff's ex-wife] executed an authorization on behalf of the children/patients for the letter to the [c]ourt while the other letter was to [plaintiff's ex-wife]."

A-0281-17T1

The judge relied on P.T. v. Richard Hall Cmty. Mental Health Care Ctr., 364 N.J. Super. 561 (Law Div. 2002), aff'd, 364 N.J. Super. 460 (App. Div. 2003), in finding that the litigation privilege applied. The judge found that the facts here were substantially similar to the facts in P.T. In P.T., the plaintiffs were the non-custodial parent of a minor child and the child's paternal grandparents. Id. at 566-67. They alleged that the child's psychologist made an incorrect diagnosis that the child had been abused; campaigned with the child's mother in "a grossly negligent effort" to intervene in the matrimonial litigation involving the child's parents; and destroyed "any hope" for a relationship between the child and the plaintiffs. Id. at 568. The judge in P.T. held that the defendants were entitled to immunity from liability arising from their communications and statements. Id. at 583-84. He found that the defendants' communications and statements were "cloaked in the litigation privilege" because they were "made in the context of the litigation." Id. at 583. He then stated:

> Similar to the status of a court-appointed expert, although admittedly not identical to the position enjoyed by a court-appointed expert, it is clear that recommendations made by [the therapist] either to the court system, or in the context of the order directing that she make her recommendations to the parties, fall within the litigation privilege. The rationale underlying the litigation privilege itself would be undercut were we

to conclude that a therapist . . . in a setting such as this is not entitled to rely on that privilege. The privilege rests on the need to ensure complete candor and forthright, open and honest communication of [the therapist's] views based upon her evaluation and therapy with this child, all of which would be severely compromised were we to determine that the privilege does not apply here.

[Id. at 583-84.]

Here, the October 5, 2013 letter to the family court and the March 16, 2014 letter to plaintiff's ex-wife concerned the judicial proceeding of plaintiff's divorce and the children's welfare. Gorski wrote the October 5, 2013 letter to the family court at the request of plaintiff's ex-wife because DCPP had been called after one of the children reported abuse by plaintiff. The March 16, 2014 letter to plaintiff's ex-wife anticipated court proceedings, and Gorski noted that "[r]equesting the court return to the old [visitation] schedule is both inappropriate and unreasonable."

Gorski's letters were "cloaked in the litigation privilege" because they were "made in the context of the litigation." Id. at 583. Additionally, this State "has a strong policy designed to protect children from . . . abuse and to require the reporting of suspected abuse . . . ." Id. at 580. To determine that the litigation privilege did not apply would severely undercut the rationale of the litigation privilege to promote candor and honest communication. See id. at

584. We agree with the judge's application of the litigation privilege to shield Gorski and Family Empowerment from liability.

Lastly, plaintiff asserts that the judge prematurely granted summary judgment because plaintiff was not yet in receipt of his expert's report, and he intended to depose several additional individuals – including other clinicians with knowledge of Gorski's relationship with Family Empowerment. We find that this argument lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We only add the following brief comments.

Additional discovery would not have changed the judge's proper application of the litigation privilege. With the litigation privilege applicable, plaintiff had no recourse, and continuing discovery would not have changed this fact. Plaintiff presented an expert opinion – at the motion for reconsideration – to show that Gorski's conduct fell below the standard of care for a LCSW; yet, the judge properly determined that plaintiff was not Gorski's client/patient and that the litigation privilege applied. The litigation privilege precluded the action against defendants.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0281-17T1