**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5047-18T2

SURENDER MALHAN,

    Plaintiff-Appellant,

v.

ALINA MYRONOVA, JERSEY
CITY MEDICAL CENTER, and
KRISTEN LUZZI-ODORISIO,

    Defendants-Respondents.

_____

Submitted January 11, 2021 - Decided January 28, 2021

Before Judges Mayer and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-4232-18.

Paul A. Clark, attorney for appellant.

Pashman, Stein, Walder, Hayden, PC, attorneys for respondent Alina Myronova (Tracy Julian, of counsel and on the brief; Timothy Patrick Malone, on the brief).

Bressler, Amery & Ross, PC, attorneys for respondents Jersey City Medical Center and Kristen Luzzi-Odorisio

(Mary Jane Dobbs and Christopher J. Osnato, on the brief).

PER CURIAM

Plaintiff Surender Malhan appeals from a January 11, 2019 order granting defendants Jersey City Medical Center (JCMC) and Kristen Luzzi-Odorisio's (collectively, medical defendants) motion to dismiss plaintiff's complaint and a June 7, 2019 order granting defendant Alina Myronova's motion to dismiss plaintiff's complaint. We affirm.

Plaintiff and defendant are married but separated. Since 2011, they have been involved in a contentious divorce proceeding in Essex County (divorce action).[1] Among the issues to be resolved in the divorce action are custody and parenting time regarding the parties' two children.

Since the inception of the divorce action, the parties have filed more than thirty-two motions. On August 1, 2017, the judge in the divorce action issued an omnibus order addressing various issues. Most pertinent to this appeal, the August 1, 2017 order restrained both parties "from interfering with parenting time" and directed the parties to share equally in the cost of therapy for the

---

[1] In the divorce action, Alina Myronova is the plaintiff and Surender Malhan is defendant. On appeal, Malhan is plaintiff and Myronova is defendant. Throughout this opinion, Malhan is referred to as plaintiff and Myronova is referred to as defendant.

A-5047-18T2

children. The order further indicated the selected therapist for the children should be associated with JCMC. Luzzi-Odorosio, a therapist with JCMC, was selected to provide therapy services to the children.

On October 19, 2018, the judge in the divorce action conducted an extended telephone conference regarding plaintiff's parenting time with input provided by various court-appointed professionals, including Luzzi-Odorisio. Based on the insights and recommendations of the court-appointed professionals, the judge issued an October 29, 2018 order allowing plaintiff three hours of supervised parenting time once a week.

Subsequent to the October 19 conference, and prior to the issuance of the October 29 order, plaintiff filed a civil lawsuit in Hudson County against defendant and the medical defendants, alleging interference with custody of the children (civil action). According to the complaint, in September 2018, Luzzi-Odorisio wrongfully interfered with custody of the children by telling defendant not to "force the children to see [plaintiff]."

According to the judge's statement of reasons attached to the October 29 order, based on plaintiff's civil action, at least one court-appointed professional declined to continue providing services to the parties and their children. The

A-5047-18T2

judge was uncertain whether Luzzi-Odorisio would continue as the children's therapist in light of the civil action.[2]

In November 2018, the medical defendants moved to dismiss the civil action for failure to state a claim or, alternatively, summary judgment. The medical defendants argued there was no civil cause of action in New Jersey for interference with custody or intentional infliction of emotional distress based on parental alienation. In addition, the medical defendants asserted plaintiff's claims were barred by the litigation immunity doctrine. Plaintiff opposed the motion, contending he should be allowed to amend his complaint. Because the medical defendants relied on documents beyond the allegations in plaintiff's complaint, the judge applied the summary judgment standard in reviewing the motion.

In a January 11, 2019 order, the judge dismissed plaintiff's claims against the medical defendants with prejudice. The judge found the litigation immunity doctrine applicable because the medical defendants were "qualif[ied] as participants or other participants authorized by law" to assist the court in determining the best interests of the children in the divorce action. In addition,

---

[2] Based on the civil action, Luzzi-Odorisio withdrew from serving as the children's therapist.

citing P.T. v. Richard Hall Cmty. Health Care Ctr., 364 N.J. Super. 561 (Law Div. 2002), aff'd, 364 N.J. Super. 460 (App. Div. 2003), the judge held there was no "professional cause of action against a therapist . . . where the therapist was rendering treatment to somebody else."  Because the judge found plaintiff's claims against the medical defendants were barred by the litigation immunity doctrine, she determined his claims for interference with custody and parental alienation were moot.

Defendant subsequently moved for dismissal of plaintiff's civil action for failure to state a claim or, alternatively, summary judgment.  Defendant argued there was no cognizable cause of action in New Jersey for interference with custody.  In addition, defendant asserted plaintiff's claims could, and should, be brought in the divorce action.[3]  Plaintiff opposed the motion, arguing he should be allowed to amend his complaint.

In a June 7, 2019 order, a different judge dismissed plaintiff's claims against defendant with prejudice.  In a written decision attached to the order, the judge found "the allegations against [d]efendant fail[ed] to support a claim for [i]ntentional [i]nterference with [c]ustody, as the conduct by [d]efendant [did]

---

[3] Defendant's counsel noted the judge in the divorce action denied plaintiff's motion to amend his counterclaim because the action was "in the seventh year of litigation."

not rise to the level of the egregious examples cited in the cases relied upon by [p]laintiff, Matsumoto v. Matsumoto, 171 N.J. 110 (2002), and DiRuggiero v. Rodgers, 743 F.2d 1009 (3rd Cir. 1984)." He concluded there was "no evidence of [a] deliberate intention to preclude the [p]laintiff from parenting time." In addition, the judge explained, "[A]t no time was [p]laintiff entitled to a superior right to legal custody over the [d]efendant, as was present in DiRuggiero and Matsumoto."

On appeal, plaintiff contends the judges' erred in dismissing his civil action with prejudice. In addition, he argues the judges should have given him an opportunity to amend his complaint prior to the dismissal of his claims. We disagree.

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted" under Rule 4:6-2(e). Because defendant filed a motion to dismiss in lieu of an answer, the judge reviewed the motion in accordance with Rule 4:6-2(e).

However, when "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided by R. 4:46 . . . ." R. 4:6-2. The medical defendants

relied on material outside the pleading, and the judge reviewed that motion under the summary judgment standard.

Our review of the orders on appeal is de novo, applying the same standard as the trial court. Henry v. N.J. Dep't of Human Servs., 204 N.J. 320, 330 (2010). We determine whether defendants demonstrated the absence of genuine issues of material facts, and whether the motion judges correctly determined defendants were entitled to judgment as a matter of law. N.J. Dep't of Env't. Prot. v. Alloway Twp., 438 N.J. Super. 501, 507 (App. Div. 2015).

We first consider plaintiff's argument the judge erred in applying the litigation immunity doctrine[4] as barring the civil action against the medical defendants. The litigation privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." Hawkins v. Harris, 141 N.J. 207, 216 (1995) (quoting Silberg v. Anderson, 786 P.2d 365, 369 (Cal. 1990)). The litigation privilege immunizes any participant in a judicial proceeding from civil liability for any statements made in the course of the proceedings. Loigman v. Twp. Comm. of Middletown, 185 N.J. 566, 579-80 (2006). The purpose of

---

[4] This doctrine is also known as the litigation privilege.

the privilege is "to ensure that participants in the judicial process act without fear of the threat of ruinous civil litigation when performing their respective functions." Id. at 581.

Having reviewed the record, we are satisfied the judge correctly concluded the medical defendants were protected by the litigation privilege as a matter of law. In accordance with the orders entered by the judge in the divorce action, Luzzi-Odorisio, through her employer JCMC, was appointed to provide therapy to the children during the divorce action and report her recommendations to the court regarding custody and parenting time. In a September 17, 2018 email to defendant, Luzzi-Odorisio recommended the children should not be "forced" to see plaintiff. In her October 2018 testimony to the court in the divorce action, Luzzi-Odorisio explained the children expressed "disinterest" and "fear" about spending time with plaintiff, which formed the basis for her opinion regarding plaintiff's parenting time with the children.

In P.T., a case substantially similar to the present case, the court held the litigation privilege barred claims against a psychologist and her employer regarding treatment of a child in the center of a custody dispute even where the statements were made by the therapist to the mother rather than in a court

proceeding. 364 N.J. Super. at 584. In that case, the judge held defendants' communications and statements were "cloaked in the litigation privilege" because the statements were "made in the context of the litigation." Id. at 583. The judge in P.T. explained:

> [I]t is clear that recommendations made by [the therapist] either to the court system, or in the context of the order directing that she make her recommendations to the parties, fall within the litigation privilege. The rationale underlying the litigation privilege itself would be undercut were we to conclude that a therapist . . . in a setting such as this is not entitled to rely on that privilege. The privilege rests on the need to ensure complete candor and forthright, open[,] and honest communication of [the therapist's] views based upon her evaluation and therapy with this child, all of which would be severely compromised were we to determine that the privilege does not apply here.
>
> [Id. at 583-84.]

Here, the September 2018 email between defendant and Luzzi-Odorisio concerned the children's best interests regarding parenting time in the divorce action. The statements were made as part of Luzzi-Odorisio's role to make recommendations to the court and the parties related to parenting time issues in the divorce action. On October 19, 2018, Luzzi-Odorisio testified in the divorce action, stating her recommendations to the judge related to plaintiff's

relationship with the children. Three days later, plaintiff filed the civil action against the medical defendants.

Even if Luzzi-Odorisio had not been a court-appointed professional, her statements were entitled to protection under the litigation privilege. Luzzi-Odorisio's statements were made in the context of the divorce action and directly related to an objective associated with that litigation—the best interests of the children. Thus, the motion judge properly granted summary judgment to the medical defendants based on the litigation privilege.

We next consider plaintiff's contention the judge erred in dismissing his interference with custody claim against defendant. We reject plaintiff's reliance on a criminal statute, N.J.S.A. 2C:13-4, in support of this claim. In accordance with the criminal statute, criminal liability attaches to persons who physically take, detain, or entice a child for the purpose of depriving the child's parent or lawful guardian of custody. Defendant did not physically take the children. The children simply declined to spend time with plaintiff for the reasons they expressed to their therapist.

In addition, the cases cited by plaintiff in support of his claims against defendant, Matsumoto and DiRuggerio, are factually distinguishable from the facts in the civil action. Defendant did not physically take the children to

10

another state or country as in <u>DiRuggerio</u> and <u>Matsumoto</u>.  Nor was there an order granting plaintiff sole custody of the children to support such a tort claim.

Pending resolution in the divorce action, both parents share legal custody of the children.  We agree with the motion judge, to the extent plaintiff believes defendant is interfering with his parenting time as a result of her failure to comport with parenting time orders in the divorce action, he may file a motion to enforce those orders pursuant to <u>Rule</u> 1:10-3.

Finally, we address plaintiff's contention the judges erred in not according him an opportunity to amend his complaint.  However, plaintiff never filed a motion to amend his complaint in the civil action.  While plaintiff may have argued he wanted an opportunity to amend his pleading in opposing dismissal of his civil action, there is nothing in the record evidencing an effort by plaintiff to file such a motion.

Further, even assuming plaintiff had filed a motion to amend the complaint in the civil action, late motions to amend should be denied where "add[ing] new claims late in the litigation . . . would prejudicially affect the other party's rights."  <u>Bldg. Materials Corp. of Am. v. Allstate Ins. Co.</u>, 424 N.J. Super. 448, 484 (App. Div. 2012) (citing <u>Fisher v. Yates</u>, 270 N.J. Super. 458, 467 (App. Div. 1994)).  Additionally, motions to amend may be denied in the

discretion of the trial court where "the amendment would be 'futile,' because 'the amended claim will nonetheless fail and, hence, allowing the amendment would be a useless endeavor.'" Prime Acct. Dep't v. Twp. of Carney's Point, 212 N.J. 493, 511 (2013) (quoting Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006)). Further, "courts are free to refuse leave to amend when the newly asserted claim is not sustainable as a matter of law. . . . [T]here is no point to permitting the filing of an amended pleading when a subsequent motion to dismiss must be granted." Interchange State Bank v. Rinaldi, 303 N.J. Super. 239, 256-57 (App. Div.1997) (quoting Mustilli v. Mustilli, 287 N.J. Super 605, 607 (Ch. Div. 1995)).

Here, plaintiff never filed a motion to amend his complaint in the civil action. Even if plaintiff had done so, the filing of an amended pleading would not have changed the resulting dismissal of his claims against the medical defendants based upon applicability of the litigation privilege or against defendant based on the judge's finding she did not interfere with a custody order. In addition, if plaintiff asserted a malpractice claim against the medical defendants, there was no therapeutic relationship between plaintiff and Luzzi-Odorisio upon which to assert a claim for professional negligence.

12

To the extent we have not addressed certain arguments raised by plaintiff, we conclude the arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5047-18T2