**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1042-22

ALLEN SATZ,

     Plaintiff-Appellant,

v.

MARION B. SOLOMON and
ARONS & SOLOMON, P.A.,

     Defendants-Respondents.

_____

Submitted December 5, 2023 – Decided December 12, 2023

Before Judges Haas and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-2373-22.

Allen Satz, appellant pro se.

Connell Foley, LLP, attorneys for respondents (William T. McGloin, of counsel and on the brief; Nicholas J. Guarino, on the brief).

PER CURIAM

This is the fourth time plaintiff Allen Satz has been before this court in connection with his long-running dispute with his former spouse over custody of, and parenting time with, their four children. In this case, plaintiff filed a complaint in the Law Division seeking damages against defendant Marion B. Solomon,[1] a court-appointed guardian ad litem in the Family Part proceedings, because he was unhappy with a June 24, 2021 report Solomon prepared for the trial court in that proceeding and with other recommendations she made to the court.

In this appeal, plaintiff challenges the Law Division's July 28, 2022 order dismissing his complaint against Solomon on immunity grounds, and his complaint against her firm for failure to state a claim under Rule 4:6-2(e). Plaintiff also appeals the court's August 26, 2022 order requiring him to pay defendants' frivolous litigation sanctions, and the court's November 2, 2022 order setting the amount of those sanctions. For the following reasons, we affirm all three orders.

The parties are fully familiar with the facts and lengthy procedural history of this litigation and, therefore, only a brief summary as set forth in our earlier

---

[1] Plaintiff also named Solomon's firm, Arons & Solomon, P.A., as a defendant, but he did not raise any allegations concerning that firm in his complaint.

2

opinions is necessary here. Plaintiff and his former spouse were married in 2006 and divorced in 2020. Satz v. Satz, (Satz I), No. A-3854-21 (Aug. 18, 2023) (slip op. at 1-2); Satz v. Satz, (Satz II), 476 N.J. Super. 536, 545 (App. Div. 2023).[2] They have four children. Satz I, slip. op. at 1-2.

During the course of the dissolution proceeding, "a Family Part judge appointed Solomon as a [guardian ad litem] (GAL) pursuant to Rule 5:8B with instructions 'to represent the best interests of the parties' minor children' and with the understanding that 'the services of the [GAL] shall be provided to the [c]ourt on behalf of the children.'" Ibid. (alterations in original). In their October 6, 2020 marital settlement agreement, plaintiff and his former spouse included a provision concerning the continued use of a GAL or a parenting coordinator. Id. at 2. "The parties agreed to continue utilizing Solomon as [the] GAL if and when any disputes arose during the one-year period following the entry of the final judgment." Ibid.

On June 24, 2021, Solomon submitted a letter to the court detailing her recommendations concerning the ongoing proceeding on behalf of the parties' children. Satz v. Siragusa, (Satz III) No. A-3412-21 (Aug. 21, 2023) (slip op.

---

[2] In Satz II, we affirmed a number of post-judgment Family Part orders that defendant challenged on appeal. Satz II, slip. op. at 1-2.

at 2).[3]  "On June 30, 2021, another Family Part judge reappointed Solomon as the GAL after receiving information concerning the children."  Satz I, slip. op. at 2.

On April 26, 2022, plaintiff filed a lawsuit in the Law Division against Solomon and her firm.  Id. at 3.  In his complaint, plaintiff stated that Solomon "[d]efamed [him] by telling lies to the court" and "hurt [him] and [his] children by relaying information to the court that had no truth to it."  "On May 16, 2022, Solomon notified the Family Part judge that in light of the lawsuit, she could not continue to serve as the GAL for the children.  The judge entered an order on June 3, 2022 relieving Solomon as GAL."  Ibid.[4]

In the Law Division action, defendants sent a letter to plaintiff on June 3, 2022 advising him that his claims against defendants were frivolous pursuant to Rule 1:4-8 and N.J.S.A. 2A:15-59.1.  The letter told plaintiff that if he did not

_____

[3]  Acting upon Solomon's recommendations, the Family Part appointed a psychiatrist to prepare an evaluation of one of the parties.  Satz III, slip. op. at 2-3.  Plaintiff subsequently filed a lawsuit against the psychiatrist for breach of contract and other claims.  Id. at 4.  The trial court dismissed the complaint after finding that the psychiatrist "had immunity as a court-appointed expert who was acting in the scope of his duties . . . ."  Id. at 5.  Rejecting plaintiff's arguments on appeal, we affirmed the trial court's determination.  Id. at 5-9.

[4]  In our August 18, 2023 decision in Satz I, we affirmed the trial court's decision directing plaintiff to pay his share of Solomon's GAL fees.  Satz I, slip. op. at 1.

dismiss his complaint within twenty-eight days, defendants would file a motion to dismiss plaintiff's complaint and an application for sanctions.

Solomon subsequently filed a motion to dismiss plaintiff's complaint and argued that she was entitled to judicial immunity because she served as the GAL for the parties' children and prepared her recommendations pursuant to the Family Part's orders. Solomon also contended that she was protected from being sued by the litigation privilege. Because plaintiff failed to make any allegations against Solomon's law firm in his complaint, it asked that his complaint against it be dismissed for failure to state a claim upon which relief could be granted pursuant to Rule 4:6-2(e).

Following oral argument on July 28, 2022, Judge Rachelle L. Harz rendered a comprehensive oral opinion granting defendants' motion and dismissing plaintiff's complaint. In finding that Solomon was cloaked with judicial immunity for the work she performed as a court-appointed GAL for the children, Judge Harz primarily relied upon Delbridge v. Office of Public Defender, 238 N.J. Super. 288, 299 (Law Div. 1989), where the court held that individuals appointed by the judiciary as guardians "have absolute [judicial] immunity from suit." In that case, the guardians were deemed to be "officers of the court, having been appointed by [a judge] to represent the interests of

[minor] children" in an action involving a complaint filed by the Division of Youth and Family Services.  Id. at 301.  As the Delbridge court explained:

> Clearly, the  . . . law guardians, in representing the best interests of the  . . . children, were acting as an integral part of the judicial process, and public policy dictates that they be free to act independently and vigorously without fear of reprisal at the hands of aggrieved parents.   Thus, [the guardians]  are cloaked with absolute judicial immunity.
>
> [Id. at 301-02.]

Applying Delbridge to the present case, Judge Harz stated:

> The decision in Delbridge and the immunity afforded to court[-]appointed guardians has not been disturbed in over [thirty] years.
>
> Here, Miss Solomon was a court[-]appointed guardian ad litem performing judicial duties as an officer of the court.  Similar to Delbridge, Miss Solomon as guardian ad litem prepared reports to the [c]ourt with her recommendations to the [c]ourt for its consideration and review.  Any allegedly defamatory comments were made in the course of her representation of plaintiff's minor children.
>
> Accordingly, this [c]ourt finds Miss Solomon is entitled to absolute judicial immunity from any and all claims against her arising therefrom.   Therefore, Miss Solomon is entitled to dismissal of the complaint with prejudice.

Judge Harz also found that Solomon was shielded from the threat of litigation by the litigation privilege.  The litigation privilege generally protects

A-1042-22

attorneys and litigants "from civil liability arising from words . . . uttered in the course of judicial proceedings." Loigman v. Twp. Comm. of Middletown, 185 N.J. 566, 579 (2006). The privilege shields "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." Hawkins v. Harris, 141 N.J. 207, 216 (1995) (quoting Silberg v. Anderson, 50 Cal. 3d 205, 369 (1990)).

The privilege is not confined to the courtroom and "extends to all statements or communications in connection with the judicial proceeding." Ruberton v. Gabage, 280 N.J. Super. 125, 133 (App. Div. 1995). It "extends not only to testimony and documents admitted in evidence but also to documents utilized in the preparation of judicial proceedings." Durand Equip. Co. v. Superior Carbon Prods., Inc., 248 N.J. Super. 581, 584 (App. Div. 1991). See also DeVivo v. Ascher, 228 N.J. Super. 453, 457 (App. Div. 1988) (litigation privilege "may be extended to statements made in the course of judicial proceedings even if the words are written or spoken maliciously, without any justification or excuse, and from personal ill will or anger against the party defamed"). "The only limitation which New Jersey places upon the privilege is that the statements at issue 'have some relation to the nature of the proceedings.'"

Rabinowitz v. Wahrenberger, 406 N.J. Super. 126, 134 (App. Div. 2009) (quoting Hawkins, 141 N.J. at 215).

Applying these principles, Judge Harz found that Solomon was protected from suit by the litigation process. Judge Harz stated:

> The complaint alleges Miss Solomon told lies to the [c]ourt and relayed information to the [c]ourt that had no truth to it. The alleged statements made by Miss Solomon were made in connection with a judicial proceeding. Accordingly, the extremely broad absolute immunity provided to statements made in judicial and quasi-judicial proceedings fits squarely on any comments Miss Solomon allegedly made to the [c]ourt in or relating to the [F]amily [P]art action, even if written or spoken maliciously.
>
> As such, any statements made in the course of such proceeding are protected by the absolute litigation privilege and the complaint is dismissed.

Finally, Judge Harz noted that "[p]laintiff's complaint fail[ed] to assert any allegations against Arons & Solomon, [P.A.]." As a result, the judge found that "[t]he factual allegations are palpably insufficient to support a claim upon which relief can be granted, and, therefore, a dismissal is mandated." Accordingly, Judge Harz dismissed plaintiff's complaint for failure to state a claim against Solomon's firm. See R. 4:6-2(e).

Judge Harz entered a conforming order dismissing the complaint on July 28, 2022. On that same date, defendants filed a motion for an order granting

them frivolous litigation sanctions against plaintiff. Rule 1:4-8(a) permits sanctions for "frivolous" claims. United Hearts, L.L.C. v. Zahabian, 407 N.J. Super. 379, 389 (App. Div. 2009). A claim is "frivolous" when "no rational argument can be advanced in its support, or it is not supported by any credible evidence, or it is completely untenable." Ibid. (quoting First Atl. Fed. Credit Union v. Perez, 391 N.J. Super. 419, 432 (App. Div. 2007)). Rule 1:4-8 allows sanctions against the party to the action or its attorney. Zahabian, 407 N.J. Super. at 389; R. 1:4-8(f).

N.J.S.A. 2A:15-59.1(b) provides for sanctions for frivolous litigation if either

> (1) the complaint . . . was commenced, used or continued in bad faith, solely for the purpose of harassment, delay or malicious injury; or (2) the nonprevailing party knew, or should have known that the complaint . . . was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.
>
> [Ibid.]

After oral argument on August 26, 2022, Judge Harz granted defendants' motion. In her thorough oral opinion, the judge found that defendants placed plaintiff on notice by sending him the June 3, 2022 letter stating that they would seek sanctions if he did not withdraw his complaint. The letter specifically set

forth the reasons why defendants considered plaintiff's complaint to be frivolous, including the fact that they were protected by judicial immunity and the litigation privilege.

Under these circumstances, Judge Harz was "satisfied that . . . plaintiff was made aware that the claims that he filed as against Miss Solomon were meritless and frivolous, yet he did not withdraw the complaint." Accordingly, the judge entered an order on August 26, 2022 granting defendants' motion and directing them to submit a certification of services from their attorney for her review.

Defendants submitted documentation seeking $34,590 in counsel fees and $225 in costs. On November 2, 2022, Judge Harz issued an order directing plaintiff to pay defendants $12,981.50 in legal fees and $50 for costs. The judge supplied a detailed written statement of her findings of fact and conclusions of law supporting her determination of the amount of the frivolous litigation sanctions she awarded.

On appeal, plaintiff presents the following contentions:

> 1.  THE TRIAL COURT IGNORED ALL CASES THAT SHOWED THERE IS NO IMMUNITY WHEN THE COURT[-]APPOINTED OFFICIAL LIES AND ACTS CONTRARY TO THEIR APPOINTED DUTY.

2. THE TRIAL COURT IGNORED ALL CASES AND REASONING TO DISMISS DEFENDANTS['] MOTION FOR FAILURE TO STATE A CLAIM.

3. THE JUDGE IGNORED RESPONDEAT SUPERIOR AS IT PERTAINED TO HOLDING THE FIRM ARONS AND SOLOMON LIABLE.

4. MARION SOLOMON HAD NO PERMISSION TO [DISCLOSE] ANY INFORMATION TO DR. SIRAGUSA. (Not Raised [Below]).

5. THE JUDGE IGNORED ALL FACTS OF WHAT CONSTITUTES A FRIVOLOUS CASE FOR LITIGATION FEES.

We review a decision on a Rule 4:6-2(e) dismissal motion "de novo, without deference to the judge's legal conclusions." McNellis-Wallace v. Hoffman, 464 N.J. Super. 409, 415 (App. Div. 2020). Whether a defendant is entitled to immunity is "a question of law to be decided [as] early in the proceedings as possible, preferably on a properly supported motion for summary judgment or dismissal." Wildoner v. Borough of Ramsey, 162 N.J. 375, 387 (2000).

A trial judge's decision whether to award sanctions under Rule 1:4-8 and N.J.S.A. 2A:15-59.1 for frivolous litigation is reviewed for abuse of discretion. McDaniel v. Man Wai Lee, 419 N.J. Super. 482, 498 (App. Div. 2011). Reversal is warranted "only if [the trial judge's decision] 'was not premised upon

11

consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error in judgment.'" Ibid. (quoting Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005)).

We have considered plaintiff's contentions in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). Because Solomon was a court-appointed GAL, charged by the Family Part with assisting it in determining the best interests of plaintiff's children, she was obviously cloaked with judicial immunity against the type of vexatious litigation plaintiff filed against her in this case. Delbridge, 238 N.J. Super. at 301-02; see also P.T. v. Richard Hall Cmty. Mental Health Ctr., 364 N.J. Super. 546, 560 (Law Div. 2000), aff'd o.b., 364 N.J. Super. 460 (App. Div. 2003).

Solomon's oral and written communications to the court were also clearly protected by the litigation privilege. Hawkins, 141 N.J. at 216. Because Solomon was shielded by judicial immunity, her firm could not be held liable for her actions under a respondeat superior theory. Delbridge v. Schaeffer, 238 N.J. Super. 323, 336 n.7 (Law Div. 1989). Finally, the trial judge did not abuse her discretion by awarding frivolous litigation sanctions to defendants under Rule 1:4-8 and N.J.S.A. 2A:15-59.1.

We are therefore satisfied that Judge Harz properly dismissed plaintiff's complaint, and we affirm the court's July 28, August 26, and November 2, 2022 orders substantially for the reasons expressed in the judge's thoughtful and well-reasoned oral and written opinions.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1042-22